# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CHELSEA M. VERONIE | CASE NO. 6:17-CV-01217 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LAURA E. ALLEN, ET AL. | MAG. JUDGE CAROL WHITEHURST |

## RULING ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Plaintiff Chelsea M. Veronie's ("Veronie") Motion for Summary Judgment on Liability, Motion for Summary Judgment on Course and Scope of Employment, and Motion for Summary Judgment on Permissive Use [Doc. No. 30]. Defendants Laura E. Allen ("Allen"); PV Holding Corp.; Avis Budget Car Rental, LLC; Avis Rent A Car System, LLC; and The American Red Cross (collectively "Defendants") filed an opposition [Doc. No. 36] and a supplemental opposition [Doc. No. 47]. Veronie filed a reply to the oppositions [Doc. No. 49].

For the following reasons, the Court GRANTS Veronie's motion for summary judgment that Allen was in the course and scope of her employment with The American Red Cross and that Allen was solely at fault, but the Court DENIES Veronie's motion for summary judgment that Allen was a permissive user.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an automobile accident which occurred on August 17, 2016, in Lafayette, Louisiana. Veronie was traveling west in the left lane of West Pinhook Road, and Allen was traveling south on Jefferson Street. Veronie alleges that Allen disobeyed a stop sign

and attempted to make a left turn onto West Pinhook Road, pulling out directly into the path of Veronie's vehicle, causing a collision.

Veronie further alleges that Allen was a permissive user of the rental car she was driving, which was owned, maintained, insured, and rented by P.V. Holding Corporation, Avis Rent A Car System, LLC and/or Avis Budget Car Rental, LLC.

Additionally, Veronie alleges that Allen was employed by The American Red Cross, that Allen was acting in the course and scope of her employment at the time of the accident, and that The American Red Cross is liable for the negligence of its employee Allen by virtue of the doctrine of respondeat superior.

On August 15, 2017, Veronie filed a Petition for Damages in the 15th Judicial District Court for Lafayette Parish, Louisiana. On September 25, 2017, the case was removed to this Court.

Veronie asserts in the motions here that she is entitled to summary judgment in her favor establishing that Allen is solely at fault in this accident, that Allen was in the course and scope of her employment with The American Red Cross, and that Allen was a permissive user of a rental car owned by PV Holding Corporation, Avis Rent A Car System, LLC, and Avis Budget Car Rental, LLC.

Defendants do not dispute that Allen was in the course and scope of her employment with the American Red Cross at the time of the accident. However, Defendants oppose Veronie's motion for summary judgment that Allen was solely at fault for the subject accident. Defendants also oppose Veronie's motion for summary judgment that Allen was a "permissive user," on the grounds that the correct designation is that Allen was a "renter."

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

B. **Analysis**

1. **Course and Scope of Employment**

In answers to discovery, Defendants have admitted that at the time of the accident, Allen was an employee of The American Red Cross, serving as the Executive Director of the Northeast Georgia Division; that she had been deployed to Louisiana to act as an Elected Office Liaison between The American Red Cross and local officials; and that at the time of the accident she was proceeding to the local United Way office which was providing interim work office space to her. Veronie therefore contends she is entitled to judgment as a matter of law on the issue of Allen being in the course and scope of her employment with The American Red Cross at the time of the accident.

In their opposition, Defendants admit there is no dispute as to this issue [Doc. No. 36, p.1].

The Court therefore GRANTS Veronie's motion for summary judgment that Allen was in the course and scope of her employment with The American Red Cross at the time of the accident.

2. **Veronie's Entitlement to Summary Judgment on Liability**

In support of her motion for summary judgment that Allen was solely at fault, Veronie presents evidence to show that:

> (A) The accident happened on August 17, 2016, at approximately 8:00 a.m., and traffic was congested, bumper-to-bumper in places. [Doc. No. 30-5, p. 12].
>
> (B) Veronie was not in a hurry or late for work and was travelling at the posted speed limit. [Doc. No. 30-5, p. 5]
>
> (C) The date of the accident was the first time Allen had been to Lafayette, was the first time she had driven a 2016 Hyudai Elantra and

was the first time she had traveled on Jefferson Street or Pinhook Road. [Doc. No. 49-1, pp 2-3, 5].

(D) Allen was having to use the sound function on her cell phone GPS to tell her where to go and where to turn. [Doc. No. 49-1, p.4].

(E) Allen observed traffic being heavy in both the inside (left) and outside (right) lanes of westbound Pinhook Road. [Doc. No. 49-1, p. 8].

(F) Because traffic was congested in the right lane, Allen's view of traffic approaching in the left lane was obscured by vehicles and she could only see through gaps and no further back than the distance of 5-6 vehicles. [Doc. No. 4-1, pp. 11, 12, 13].

(G) When Allen began to enter the intersection, she only had enough visibility to move forward into the right lane. [Doc. No. 49-1, p. 13].

(H) As Allen began to creep up into the left lane, her view of vehicles that might be approaching in the left lane was obstructed by the vehicles next to her in the right lane. [Doc. No. 49-1, p. 14].

(I) The collision occurred just as she entered the left lane. [Doc. No. 49-1, pp 13, 14].

(J) Allen never noticed Veronie's vehicle before the impact. [Doc. No. 49-1, pp 16-17]

Defendants, on the other hand, contend that Veronie bears some of the fault for failing to reduce her speed when approaching an intersection and for failing to observe the gap in traffic in the right-hand lane from which Allen emerged. Defendants further contend that an unidentified stopped motorist who allegedly waved Allen across the westbound lanes should be assessed some of the fault.

Louisiana law provides that no person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in LA. R.S. 32:101 or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. LA. R.S. 32:104(A). Judicial interpretations of LA. R.S. 32:104(A) have made it clear that a left-

turning motorist has a strong duty of care. *Baker v. State Farm Mut. Auto. Ins. Co.*, 49,468 (La. App. 2d Cir. 1/21/15), 162 So. 3d 405, 409; *Pruitt v. Nale*, 45,483 (La. App. 2d Cir.8/11/10), 46 So.3d 780; *Bruce v. State Farm Ins. Co.*, 37,704 (La. App. 2d Cir.10/29/03), 859 So.2d 296.

Because a left turn is one of the most dangerous maneuvers for a driver to execute, there is a presumption of negligence on a left-turning motorist involved in a motor vehicle accident. *Baker*, 162 So.3d at 409; *Green v. Nunley*, 42,343 (La. App. 2d Cir.8/15/07), 963 So.2d 486; *Hughes v. Scottsdale Ins. Co*. 35,043 (La.App.2d Cir.8/22/01), 793 So.2d 537.

First, with regard to their argument that some of the fault should be assessed to Veronie, Defendants have presented no summary judgment evidence to indicate Veronie was at fault. Defendants alleged in their Answer that Veronie was comparatively negligent for failing to keep a proper look out, failing to yield to a vehicle which had lawfully entered the intersection, and traveling at an excessive rate of speed [Doc. No. 7, p. 3]. But they have presented no evidence to substantiate those conclusory allegations. In fact, Allen testified in her deposition that she did not even see Veronie's vehicle before the impact [Doc. No. 49-1, p. 16], contradicting her previously sworn Affidavit that "[a]s she started to enter the left lane she first saw the other vehicle involved in the accident approaching at a fast speed." [Doc. No. 36-3].

Second, with regard to Defendants' contention that some of the fault should be assessed to an unidentified stopped motorist who allegedly waved Allen across the westbound lanes, Veronie asserts that Defendants have not affirmatively pled the phantom driver defense, and, therefore, they cannot raise it now.

A party must raise all affirmative defenses or risk waiving them. FED. R. CIV. P. 8(c). The goal of this requirement, consistent with federal pleading practice generally, is to provide notice to the opponent, avoid surprise and undue prejudice, and afford the opponent a chance to

6

argue, if able, why the defense is unfounded. *See Blonder-Tongue Laboratories, Inc., v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971); *see also Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (defendants should not be allowed to "lie behind a log' and "ambush" plaintiffs).

Defendants did not affirmatively raise the phantom driver defense in their Answer [Doc. No. 7], or in the Rule 26(f) Report [Doc. No. 16]. When Veronie propounded an interrogatory regarding third-party fault affirmative defenses, Defendants did not assert it:

> "INTERROGATORY NO. 8:
> For all parties or non-parties that you contend are at fault as it relates to the allegations of this lawsuit, please identify said party or non-party and give a reasonable explanation of your contentions.
>
> ANSWER TO INTERROGATORY NO. 8:
> Chelsea Veronie – as traffic backed up in the right lane and despite observing a gap in that traffic at an intersecting street, she failed to slow down given the then existing conditions."

[Doc. No. 30-7, p. 4].

Further, Defendants have the burden of proof in proving negligence of a phantom driver. In a similar case, *Lennard v. State Farm Mut. Auto. Ins. Co.*, 26,396 (La. App. 2d Cir. 1/25/95) 649 So. 2d 1114, the Court said:

> However, before any person can be assessed with fault for failing to exercise reasonable care in waving or signaling, the party alleging the waver's negligence must prove the following: (1) the "waver" did indeed make a signal for the motorist to cross, (2) the "waver" intended to convey that he had checked for traffic, (3) the "waver" intended to indicate that it was entirely safe to cross the street, (4) the motorist reasonably relied on the signal in decid[ing] to cross, and (5) these circumstances, taken as a whole, caused the accident.
>
> In the present case, Peterson is the party who alleged the phantom driver negligently waved him through to make the left turn, and, therefore, it was Peterson who had the burden of proof. However, as discussed below, we do not find, based on the record, a reasonable factual basis exists to show the phantom intended to convey to Peterson that he had checked for traffic or to indicate to Peterson that it was entirely safe for him to cross the street.

7

> At trial, Peterson admitted he did not know the phantom driver. Peterson also admitted he did not know whether the phantom driver had looked to see if any oncoming traffic was approaching. Moreover, Peterson never testified that the phantom driver intended to convey he had checked for traffic or to indicate it was entirely safe to cross the highway. Instead, Peterson admitted he just took off across the highway after the phantom waved.

Id. at p. 1118.

Likewise, here, Defendants have failed to produce any evidentiary support for finding fault on an unidentified driver who simply left a gap for Allen to go through. Therefore, the Court GRANTS Veronie's motion for summary judgment on the issue of liability. Defendant Allen is assessed with sole liability.

### 3. Permissive User.

Finally, Veronie contends she is entitled to summary judgment as a matter of law that Allen was a permissive user of the rental car she was driving. In responses to discovery, Defendants provided documentation confirming that Allen was operating an Avis rental car in order to perform her duties for the American Red Cross. In that regard, Defendants supplied a copy of the rental agreement and the Avis Worldwide Rate Agreement between Avis and American Red Cross, which Veronie asserts confirms that Allen was a permissive user of the Avis Rental car at the time of the accident. Therefore, Veronie contends that she is entitled to summary judgment as a matter of law.

Defendants respond that the contention that Allen was the permissive user of the rental vehicle at the time of the subject accident is a misnomer, but more importantly it is of no legal significance, because Allen was actually the *renter* of the vehicle she was driving at the time of the accident, and this fact is not disputed. Defendants further contend that the rights and obligations of the renter and the rental company are set forth in LA R.S. 22:1296, the rental

agreement, the AvisWorldwide Rate Agreement, and jurisprudence cited in Defendants' motion for summary judgment [Doc. No. 37]. Defendants assert that these recognize that Allen's correct designation is a renter. Because the designation of Allen as a permissive user is inaccurate, and Veronie has offered no evidence of the relationships of the renter and PV Holding Corp., Avis Budget Car Rental, LLC and Avis Rent A Car System, LLC, or the relevancy of these relationships, Defendants assert that the motion by Veronie to have her designated as a permissive user should be denied.

The Court agrees that Veronie has not carried her burden of showing she is entitled to summary judgment on this issue as a matter of law. Accordingly, the motion for summary judgment will be DENIED as to the issue of whether Veronie was a permissive user.

## III. CONCLUSION

For the foregoing reasons, Veronie's Motion for Summary Judgment [Doc. No. 30] is GRANTED IN PART and DENIED IN PART. To the extent Veronie seeks summary judgment that Allen was solely at fault and that Allen was acting in the full course and scope of her employment with The American Red Cross, the motion is GRANTED. To the extent Veroine seeks summary judgment that Allen was a permissive user, the motion is DENIED.

MONROE, LOUISIANA, this 11th day of April, 2019.

                                                 **TERRY A. DOUGHTY**
                                           **UNITED STATES DISTRICT JUDGE**