UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHELSEA M. VERONIE | CASE NO. 6:17-CV-01217 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LAURA E. ALLEN, ET AL. | MAG. JUDGE CAROL WHITEHURST |

**RULING**

Pending before the Court is the Motion for Summary Judgment filed by Defendants PV Holding Corp.; Avis Rent A Car System, LLC; and Avis Budget Car Rental, LLC [Doc. No. 37]. Plaintiff Chelsea M. Veronie's ("Veronie") has filed an opposition [Doc. No. 51].

For the following reasons, the Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from an automobile accident which occurred on August 17, 2016, in Lafayette, Louisiana. Veronie was traveling west in the left lane of West Pinhook Road, and Allen was traveling south on Jefferson Street. Veronie alleges that Defendant Laura E. Allen ("Allen") disobeyed a stop sign and attempted to make a left turn onto West Pinhook Road, pulling out directly into the path of Veronie's vehicle, causing a collision.

Veronie further alleges that Allen was a permissive user of the Hyundai Elantra rental car she was driving, which was owned, maintained, insured, and rented by P.V. Holding Corp., Avis Rent A Car System, LLC, and/or Avis Budget Car Rental, LLC.

Additionally, Veronie alleges that Allen was employed by The American Red Cross, that Allen was acting in the course and scope of her employment at the time of the accident, and that

The American Red Cross is liable for the negligence of its employee Allen by virtue of the doctrine of respondeat superior.

On August 15, 2017, Veronie filed a Petition for Damages in the 15th Judicial District Court for Lafayette Parish, Louisiana. On September 25, 2017, the case was removed to this Court.

Movers P.V. Holding Corp., Avis Rent A Car System, LLC and Avis Budget Car Rental, LLC., (collectively "Movers"), seek summary judgment dismissing Veronie's claims against them for three reasons:

(1) Movers bear no responsibility as either the rental vehicle's Owner or Lessor;

(2) There is no evidence that the maintenance of the vehicle played a part in the accident; and

(3) Movers do not insure any vehicles.

Veronie opposes the motion on the grounds that there are genuine issues of material fact regarding insurance coverage.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A

party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.  However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

    **B.**    **Analysis**

        **1.**    **Liability as Owner or Lessor**

Movers contend that, insofar as Veronie alleges that they either owned or leased the rental car Allen was driving, those allegations afford no basis for the imposition of liability.

In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages that occur while another is operating the vehicle.  Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, or when the owner is himself or herself negligent in entrusting the vehicle to an incompetent driver. *Brown v. Unknown Driver*, 05-0421, (La. App. 4 Cir. 1/18/06), 925 So. 2d

583, 588 (Citing *Ruthardt v. Tennant*, 215 So. 2d 805, 810 (La. 1968)); *Sterling v. Allstate Insurance Co.*, 2009-1191 (La. App. 1 Cir. 2/12/10), 35 So. 3d 355. It is also well settled that the lessor of a vehicle is not liable for the negligent acts committed by the lessee. *Francis v. Crawford*, 31,840, (La. App. 2 Cir. 5/5/99), 732 So. 2d 152.

Veronie has not produced any evidence or even argued that this case falls under one of the above exceptions. Accordingly, the Court GRANTS the Motion for Summary Judgment to the extent Movers assert that they bear no responsibility based solely on their status as either the rental vehicle's owner or lessor.

### 2. Liability for Maintenance

Movers contend that, insofar as Veronie's Petition might be read to allege that Movers are liable because they failed to properly maintain the vehicle, she neither argues nor offers any evidence to prove that faulty maintenance played any part in the accident.

To clarify Veronie's contentions as to what caused the accident, Mover Avis Rent A Car System, LLC, propounded Interrogatories. In response to Interrogatory Number 9, regarding how the accident occurred, Veronie specified only Allen's alleged negligence in failing to keep a proper lookout, failing to keep her vehicle under control, failing to steer or brake her vehicle properly, or failing to stop in conjunction with a stop sign. [Doc. No. 37-4, p. 6]. Veronie did not identify any mechanical deficiencies or maintenance issues with the rental vehicle.

In her opposition, Veronie set forth no facts or argument regarding how the maintenance of the vehicle was in any way connected to the accident. Accordingly, the Court GRANTS the Motion for Summary Judgment to the extent Movers assert that maintenance of the vehicle played no part in the accident.

### 3. Insurance Coverage

Veronie alleges in her petition that all three Movers have liability because they are self-insured or because they insured the vehicle driven by Allen. [Doc. No. 1-2, p.4].

Movers Avis Budget Car Rental, LLC, and Avis Rent A Car System, LLC, contend that they are entitled to summary judgment finding they have no liability to Veronie because they are not insurers. Mover PV Holding Corp. contends that, although it is self-insured, it has no liability to Veronie because self-insurance is not insurance and a certificate of self-insurance is not an insurance policy, citing *Hearty v. Harris*, 574 So.2d 1234, 1237-1238 (La. 1991).

The Court DENIES Movers' Motion for Summary Judgment as to this issue for the following reasons.

First, the Court notes that the exact relationship among Movers is murky. In their memorandum in support of their motion, they initially state, "Avis Rent A Car System, LLC is the rental company. The vehicles it rents are owned by its affiliate, PV Holding Corp." [Doc. No. 37-1, p. 4]. But then they rely on the affidavit of Jeanne Motosko ("Motosko"), the Regional Insurance Risk Manager for Avis Budget Car Rental, LLC and its affiliated companies, including Avis Rent A Car System, LLC and PV Holding Corp., for the following statement:

> Ms. Motosko further attests that defendant, PV Holding Corp., is the *nominee titleholder* and *registered owner* of the 2016 Hyundai Elantra which was involved in the accident on which this lawsuit is based, that PV Holding Corp. is authorized to do business and has qualified as a self-insurer in the State of Louisiana; is not in the business of renting motor vehicles to the public; *and had no connection whatsoever with any automobile involved in the accident which is the subject of this lawsuit*. She also attests that Avis Rent a Car System, LLC, is in the business of renting motor vehicles to the public and rented the 2016 Hyundai Elantra to Laura Allen.
>
> [Doc. No. 37-1, p. 5] (emphasis added)

Black's Law Dictionary defines "nominee" as "[a] party who holds bare legal title for the benefit of others …". Black's Law Dictionary (9th Edition, 2009). Thus, there are genuine issues of material fact as to the relationships among the Movers, and specifically, who, among the three Movers, is the actual owner of Allen's vehicle.

Second, even if it is assumed that PV Holding Corp. is the owner, there is a genuine issue of material fact as to whether PV Holding Corp., is actually a self-insurer.

Louisiana Motor Vehicle Safety Responsibility Law ("LMVSRL"), LA. R.S. 32:851-32:1043, provides a mandatory, comprehensive scheme for the protection of the public from damage caused by motor vehicles. At the heart of this statutory scheme is the decision to attach the financial protection to the vehicle rather than to the operator. *Hearty*, 574 So.2d at 1237.

In *Hearty*, the Louisiana Supreme Court stated:

Pursuant to La. R.S. 32:861(A), the owner of every motor vehicle registered in the state of Louisiana (with the exception of certain classifications of vehicles) is prospectively required to maintain proof of financial responsibility by:

    (1) purchasing a motor vehicle liability policy with limits which conform to the requirements of La.R.S. 32:900(B)(2) or a binder for the same;

    (2) posting a motor vehicle liability bond which satisfies the requirements of La.R.S. 32:861(B);

    (3) depositing with the state treasurer sufficient cash and securities under the provisions of La.R.S. 32:861(C); or

    (4) obtaining a certificate of self-insurance in accordance with the terms of La.R.S. 32:1042.

It is important to understand that self-insurance is, in actuality, not insurance at all. It is merely one of the four methods by which an owner of a motor vehicle is allowed to meet the requirements of the LMVSRL. Pursuant to La. R.S. 32:1042, any person who is the registered owner of more than twenty-five motor vehicles or who owns an equity interest in Louisiana property having a value of one hundred thousand dollars or more, may qualify as a self-insurer by obtaining a certificate of self-insurance. *Although self-insured vehicles are uninsured, the*

> *certificate of self-insurance indicates the self-insured is fiscally responsible and will pay damage claims and judgments involving its liability exposure.*

*Id*. at 1237-1238 (emphasis added).

The purpose of the LMVSRL is the elimination of reckless and irresponsible drivers from the highways by requiring that owners and drivers of motor vehicles provide proof of financial responsibility. *Marcus v. Hanover Ins. Co, Inc*., 740 So. 2d 603 (La. 6/4/99).

Here, the only summary judgment evidence offered by Movers to show that PV Holding Corp. is a qualified self-insurer in the State of Louisiana is the conclusory averment of Motosko, that:

> PV Holding Corp. is not an insurance company, does not issue insurance policies and did not provide automobile liability insurance on the Hyundai Elantra; but as the owner of motor vehicles and in compliance with state laws, PV Holding Corp. has qualified as a self-insurer in those states in which it is authorized to do so, including in the state of Louisiana.

[Doc. No. 37-2, p. 2].

Significantly, it is the *obtaining of a certificate of self-insurance* in accordance with the terms of LA. R.S. 32:1042 that satisfies the purposes of the LMVSRL by proving that the self-insured is fiscally responsible and will pay damage claims and judgments involving its liability exposure.

Here, Movers have not produced the certificate of self-insurance mandated by the statute, nor does their summary judgment evidence attest that PV Holding Corp. holds such a certificate.

Finally, the Avis Worldwide Rate Agreement between Avis Rent A Car System, LLC, and The American Red Cross, Allen's employer, [Doc. No. 30-9] required Avis Rent A Car System, LLC, to provide Global Insurance Coverage to The American Red Cross and its employees covering death or bodily injury to persons and damage to property arising out of the

maintenance, condition, use, or operation of an Avis rental vehicle, with limits of $100,000 per person and $300,000 per accident. *Id.* at p. 7.

Movers state that, despite that agreement, Avis Rent A Car System, LLC, does not procure and does not provide any insurance coverage for either its rental vehicles or customers [Doc. No. 37-1, p. 5]. Movers aver that this liability protection was not provided by way of an insurance policy, but rather was funded directly by Avis Rent A Car System, LLC. However, in support of this allegation, once again they attach only Motosko's affidavit and no proof of such a fund. Thus, there are factual issues as to the whereabouts of this fund and as to whether Avis Rent A Car System, LLC, complied with the terms of the contract. Accordingly, there are material issues of genuine fact which preclude rendering summary judgment in favor of Movers regarding insurance coverage.

### III. CONCLUSION

For the foregoing reasons, Mover's Motion for Summary Judgment [Doc. No. 37] is GRANTED IN PART and DENIED IN PART. To the extent Movers seeks summary judgment finding that they bear no responsibility based solely on their status as either the rental vehicle's owner or lessor, the motion is GRANTED. Further, to the extent Movers seek summary judgment finding that maintenance of the vehicle played no part in the accident, the motion is GRANTED. To the extent Movers seek summary judgment on the issue of insurance coverage, the motion is DENIED.

MONROE, LOUISIANA, this 23rd day of April, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE